FILED

UNITED STATES DISTRICT COURT 2020 FEB 12 PM 4: 14
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION    CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES OF AMERICA

2:20-CR-22 -FtM-38 NPM

v.

CASE NO.  2:20-cr-
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
MAIDA FERREIRO FLORES                   18 U.S.C. § 1956(a)(1)(B)(i)
a/k/a Maida Ferreiro                    18 U.S.C. § 1015(a)
18 U.S.C. § 1425(a)
18 U.S.C. § 1001(a)(2)

**INDICTMENT**

The Grand Jury charges:

**COUNTS ONE THROUGH SIXTEEN**
**(Wire Fraud)**

**A. Introduction**

At times material to this Indictment:

1. Maida Ferreiro was a resident of Cape Coral, Florida, who served as manager, registered agent, and sole authorized representative of Diamond Furniture & Design LLC, ostensibly formed for the purpose of selling furniture.

2. Diamond Furniture & Design LLC ("Diamond Furniture") was a Florida limited liability company controlled by Maida Ferreiro with its stated principal place of business in Cape Coral, Florida. Diamond Furniture was used by Maida Ferreiro to open multiple bank accounts at various financial institutions, to apply for merchant processing services, to obtain credit and debit

1

card payment terminals, and to conduct fraudulent transactions utilizing stolen credit and debit card numbers to defraud banks and obtain funds from victim cardholders.

3. Bank of America, N.A. ("Bank of America"), Fifth Third Bank, N.A. ("Fifth Third Bank"), KeyBank, N.A. ("KeyBank"), Regions Bank, The Bank of Greene County, U.S. Bank, N.A. ("U.S. Bank"), and Suncoast Credit Union, were all federally insured "financial institutions," as that term is defined by 18 U.S.C. § 20. As such, they all offered checking and savings accounts, and issued credit and debit cards, to their customers.

4. First Data Merchant Services, LLC ("First Data") and Vantiv Holding, LLC ("Vantiv") were payment processing companies that worked with banks to provide merchant processing services and payment terminals to merchants to conduct credit and debit card transactions with their customers

5. An "access device" was any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

6. The United States Secret Service was a federal law enforcement

2

agency under the Department of Homeland Security within the executive branch of the Government of the United States tasked with, among other responsibilities, the investigation of access device fraud, financial institution fraud, and money laundering.

## B. The Scheme to Defraud

7. Beginning on an unknown date, but at least as early as on or about July 8, 2016, and continuing through and including on or about August 15, 2018, in the Middle District of Florida and elsewhere, the defendant,

**MAIDA FERREIRO FLORES
a/k/a Maida Ferreiro,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

## C. Manner and Means of the Scheme to Defraud

8. It was part of the scheme and artifice to defraud that the defendant would and did create a company called Diamond Furniture and organize that company as a limited liability company in the State of Florida.

9. It was further part of the scheme and artifice to defraud that the defendant would and did open business bank accounts for Diamond Furniture at various federally insured financial institutions located in the Middle District of Florida, including Bank of America and Fifth Third Bank.

3

10. It was further part of the scheme and artifice to defraud that the defendant would and did apply for merchant processing services and acquire payment terminals to enable Diamond Furniture to accept credit and debit card payments from customers.

11. It was further part of the scheme and artifice to defraud that the defendant would and did acquire, possess, and use unauthorized and counterfeit access devices, such as credit and debit card account numbers and counterfeit credit and debit cards, to conduct fraudulent transactions on behalf of Diamond Furniture without the victim account holders' knowledge or permission.

12. It was further part of the scheme and artifice to defraud that the defendant would and did swipe, insert, and manually enter unauthorized and counterfeit access devices into payment terminals to conduct and attempt to conduct fraudulent transactions, falsely representing to victims' banks and credit unions that these charges were approved payments for goods and services purportedly provided by Diamond Furniture to its customers.

13. It was further part of the scheme and artifice to defraud that when the defendant swiped, inserted, or manually entered the unauthorized and counterfeit access devices into payment terminals, she would and did cause payment processors to send electronic signals across state lines, remitting electronic payments from the victims' accounts to those under the defendant's

4

control.

14. It was further part of the scheme and artifice to defraud that the defendant would and did print receipts and create fake customer invoices associated with Diamond Furniture's fraudulent business transactions in order to conceal the fraudulent nature of these transactions.

15. It was further part of the scheme and artifice to defraud that the defendant's materially false representations would and did cause victims' banks and credit unions to approve fraudulent charges, resulting in money being debited from victims' accounts and credited to Diamond Furniture's accounts in the Middle District of Florida, for goods and services never actually provided to victims, and without the victims' knowledge or consent.

16. It was further part of the scheme and artifice to defraud that the defendant would and did use Diamond Furniture's business bank accounts containing proceeds of the fraud to pay off personal credit card debt, make mortgage payments, pay cable bills, pay electric bills, make retail purchases, and withdraw cash.

17. It was further part of the scheme and artifice to defraud that the defendant would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme, the acts committed in furtherance of the scheme, and the proceeds therefrom.

## D. Execution of the Scheme to Defraud

On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendant,

### MAIDA FERREIRO FLORES
#### a/k/a Maida Ferreiro,

for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce the following:

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| ONE | October 31, 2017 | Debit card charge for $1,500.00 using account number ending in 3203 issued by KeyBank to J.H., from defendant's payment terminal in the Middle District of Florida to First Data in Nebraska or Arizona. |
| TWO | October 31, 2017 | Debit card charge for $1,000.00 using account number ending in 3203 issued by KeyBank to J.H., from defendant's payment terminal in the Middle District of Florida to First Data in Nebraska or Arizona. |
| THREE | November 1, 2017 | Merchant services payment of $2,500.00 from First Data in Nebraska or Arizona to Diamond Furniture's Bank of America business account ending in 4919 in the Middle District of Florida. |

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| FOUR | November 15, 2017 | Debit card charge for $1,450.00 using account number ending in 8617 issued by Regions bank to R.R., from defendant's payment terminal in the Middle District of Florida to Vantiv in Kentucky or Michigan. |
| FIVE | November 15, 2017 | Debit card charge for $1,550.00 using account number ending in 8617 issued by Regions Bank to R.R., from defendant's payment terminal in the Middle District of Florida to Vantiv in Kentucky or Michigan. |
| SIX | November 15, 2017 | Merchant services payment of $3,000.00 from Vantiv in Kentucky or Michigan to Diamond Furniture's Fifth Third Bank business account ending in 5294 in the Middle District of Florida. |
| SEVEN | December 18, 2017 | Attempted debit card charge for $1,580.00 using account number ending in 4889 issued by Suncoast Credit Union to D.K., from defendant's payment terminal in the Middle District of Florida to Vantiv in Kentucky or Michigan. |
| EIGHT | December 18, 2017 | Merchant services payment of $1,073.77 from Vantiv in Kentucky or Michigan to Diamond Furniture's Fifth Third Bank business account ending in 5294 in the Middle District of Florida. |

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| NINE | January 17, 2018 | Debit card charge for $2,300.00 using account number ending in 2400 issued by The Bank of Greene County to M.K., from defendant's payment terminal in the Middle District of Florida to First Data in Nebraska or Arizona. |
| TEN | January 18, 2018 | Merchant services payment of $2,300.00 from First Data in Nebraska or Arizona to Diamond Furniture's Bank of America business account ending in 4919 in the Middle District of Florida. |
| ELEVEN | February 15, 2018 | Attempted debit card charge for $1,800.00 using account number ending in 3147 issued by Regions Bank to C.R., from defendant's payment terminal in the Middle District of Florida to Vantiv in Kentucky or Michigan. |
| TWELVE | March 4, 2018 | Credit card charge for $1,520.00 using account number ending in 3408 issued by U.S. Bank to J.E., from defendant's payment terminal in the Middle District of Florida to Vantiv in Kentucky or Michigan. |
| THIRTEEN | March 4, 2018 | Credit card charge for $1,400.00 using account number ending in 3408 issued by U.S. Bank to J.E., from defendant's payment terminal in the Middle District of Florida to Vantiv in Kentucky or Michigan. |

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| FOURTEEN | March 5, 2018 | Merchant services payment of $2,920.00 from Vantiv in Kentucky or Michigan to Diamond Furniture's Fifth Third Bank business account ending in 5294 in the Middle District of Florida. |
| FIFTEEN | March 5, 2018 | Credit card charge for $700.00 using account number ending in 3408 issued by U.S. Bank to J.E., from defendant's payment terminal in the Middle District of Florida to First Data in Nebraska or Arizona. |
| SIXTEEN | March 6, 2018 | Merchant services payment of $2,400.00 from First Data in Nebraska or Arizona to Diamond Furniture's Bank of America business account ending in 4919 in the Middle District of Florida. |

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS SEVENTEEN THROUGH TWENTY
### (Aggravated Identity Theft)

### A. Introduction

1. Paragraphs 1 through 7 of Part A of Counts One through Sixteen of this Indictment are realleged and incorporated by reference as if fully set forth herein.

9

## B. Offense Conduct

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**MAIDA FERREIRO FLORES**
**a/k/a Maida Ferreiro**,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is the credit and debit card account numbers identified below belonging to the victim account holders described below, during and in relation to the felony offense of wire fraud, in violation of 18 U.S.C. § 1343, knowing that such means of identification belonged to an actual person:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|-------|------|-------------------------|
| **SEVENTEEN** | October 31, 2017 | Unauthorized use of KeyBank debit card account number ending in 3203 issued to J.H. |
| **EIGHTEEN** | November 15, 2017 | Unauthorized use of Regions Bank debit card account number ending in 8617 issued to R.R. |
| **NINETEEN** | March 4, 2018 | Unauthorized use of U.S. Bank credit card account number ending in 3408 issued to J.E. |

| COUNT | DATE | MEANS OF IDENTIFICATION |
|-------|------|-------------------------|
| **TWENTY** | March 5, 2018 | Unauthorized use of U.S. Bank credit card account number ending in 3408 issued to J.E. |

All in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNTS TWENTY-ONE THROUGH TWENTY-FOUR
### (Money Laundering)

### A. Introduction

1. Paragraphs 1 through 7 of Part A of Counts One through Sixteen of this Indictment are realleged and incorporated by reference as if fully set forth herein.

### B. Offense Conduct

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**MAIDA FERREIRO FLORES**
**a/k/a Maida Ferreiro,**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate commerce, which involved the proceeds of specified unlawful activity, specifically, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the

11

proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions, as set forth below, represented the proceeds of some form of unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| TWENTY-ONE | November 16, 2017 | $3,000.00 cash withdrawal from Diamond Furniture's Fifth Third Bank business account ending in 5294. |
| TWENTY-TWO | December 19, 2017 | $1,500.00 cash withdrawal from Diamond Furniture's Fifth Third Bank business account ending in 5294. |
| TWENTY-THREE | January 18, 2018 | $2,000.00 cash withdrawal from Diamond Furniture's Bank of America business account ending in 4919. |
| TWENTY-FOUR | March 5, 2018 | $2,300.00 cash withdrawal from Diamond Furniture's Fifth Third Bank business account ending in 5294. |

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## COUNT TWENTY-FIVE
### (False Statement Relating to Naturalization)

On or about February 15, 2018, in the Middle District of Florida and elsewhere, the defendant,

## MAIDA FERREIRO FLORES
### a/k/a Maida Ferreiro,

did knowingly make false statements under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to the naturalization and citizenship of an alien, in that defendant denied that she ever committed, assisted in committing, or attempted to commit, a crime or offense for which she was not arrested, when in truth and in fact, as the defendant then and there well knew, she had previously committed, assisted in committing, and attempted to commit, crimes and offenses for which she had not been arrested.

In violation of 18 U.S.C. § 1015(a).

## COUNT TWENTY-SIX
### (Unlawful Procurement of Naturalization)

From on or about February 15, 2018, and continuing through on or about February 27, 2018, in the Middle District of Florida and elsewhere, the defendant,

### MAIDA FERREIRO FLORES
### a/k/a Maida Ferreiro,

knowingly procured and attempted to procure, contrary to law, the naturalization of Maida Ferreiro Flores, in that defendant made false statements under oath in connection with her naturalization, by falsely denying she ever committed, assisted in committing, or attempted to commit, a crime or offense for which she was not arrested.

In violation of 18 U.S.C. § 1425(a).

## COUNT TWENTY-SEVEN
### (False Statement to Federal Agent)

On or about November 22, 2019, in the Middle District of Florida, the defendant,

### MAIDA FERREIRO FLORES
### a/k/a Maida Ferreiro,

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in that defendant falsely stated

14

and represented to agents of the United States Secret Service, that a credit card issued to J.E. embossed with a card number ending in 3408 that was located in her residence had been mistakenly left in her residence by a customer of Diamond Furniture, when in truth and in fact, as the defendant then and there well knew, the credit card had actually been withheld from its true owner and brought to her residence to conduct unauthorized transactions.

In violation of 18 U.S.C. § 1001(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Sixteen, Counts Twenty-One through Twenty-Four, and Count Twenty-Six of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, 18 U.S.C. § 982(a)(1), and 18 U.S.C. § 982(a)(6).

2. Upon conviction of the offenses in violation of 18 U.S.C. § 1343 set forth in Counts One through Sixteen of the Indictment, the defendant,

**MAIDA FERREIRO FLORES**
**a/k/a Maida Ferreiro,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of the offenses in violation of 18 U.S.C. § 1956, set

15

forth in Counts Twenty-One through Twenty-Four of the Indictment, the defendant,

**MAIDA FERREIRO FLORES
a/k/a Maida Ferreiro,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4. Upon conviction of a violation of 18 U.S.C. § 1425, set forth in Count Twenty-Six of the Indictment, the defendant,

**MAIDA FERREIRO FLORES
a/k/a Maida Ferreiro,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

5. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses and the amount involved in the offenses.

6. If any of the property described above as being subject to forfeiture, as

a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred, sold to or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

17

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Simon R. Eth
Assistant United States Attorney

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

18

FORM OBD-34
February 20

# UNITED STATES DISTRICT COURT
Middle District of Florida
Fort Myers Division

## THE UNITED STATES OF AMERICA

vs.

## MAIDA FERREIRO FLORES
a/k/a Maida Ferreiro

## INDICTMENT

Violations: 18 U.S.C. §§ 1343, 1028A(a)(1),1956(a)(1)(B)(i), 1015(a) 1425(a) and 1001(a)(2)

A true bill,

_____
Foreperson

Filed in open court this 12th day

of February, 2020.

_____
Clerk

Bail $

GPO 863 525

Case 2:20-cr-00022-SPC-NPM   Document 1   Filed 02/12/20   Page 19 of 19 PageID 19